# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ELIJAH WEST. | Crim. No. 18-48<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant Elijah West ("Defendant") was sentenced by this Court on November 15, 2018, to eighty-five months imprisonment for violating 18 U.S.C. § 922(g) (unlawful possession of a firearm). Judgement, ECF No. 35. Defendant now moves to amend his pre-sentence report ("PSR"). ECF No. 41. For the reasons set forth below, the motion is **DENIED**.

## I.  BACKGROUND

The Government filed a criminal complaint against Defendant for violating 18 U.S.C. § 922(g)(1) on January 22, 2018. ECF No. 1. Defendant was indicted on February 1, 2018. ECF No. 8. Defendant applied for permission to enter a plea of guilty on August 6, 2018. ECF No. 28. The Court accepted Defendant's guilty plea and sentenced him to eighty-five months imprisonment, followed by three years of supervised release. *See* Judgment.

Defendant now challenges one aspect of his PSR. Specifically, Paragraph 43 discusses a prior conviction which added one point to Defendant's criminal history computation. *See* PSR ¶ 43 (attached as Ex. A to the Government's Opposition Brief, ECF No. 43). While Defendant's counsel did send a fax to the Court before sentencing noting that "11/1/2010 is the resentencing date [and t]he charges were lodged in 2003," there was (and still is) no indication that Paragraph 43 is inaccurate. *See* PSR ¶ 43 (noting Defendant was sentenced on November 4, 2004, resentenced in November 2010, and listing November 1, 2010 in the "Date Sentence Imposed/Disposition" column). *Cf.* Mot. at 3 (complaining of "false information"), ECF No. 41.[1]

---

[1] While the Court accidentally said "2013" instead of "2003" at Defendant's sentencing, this was an inadvertent slip-of-the-tongue that in no way impacted the Court's decision. Tr. at 5:9-11, ECF No. 38. The Court correctly noted Defendant's age of twenty at the time of the charge, in 2003. *Id.* And as discussed below, the Court discounted Defendant's previous convictions in reaching the sentence imposed.

1

## II. DISCUSSION

It is difficult to parse the relief Defendant requests or the purported legal basis therefore. Defendant styles his motion as one pursuant to Federal Rule of Criminal Procedure 32(d)(2)(iii). *See* Mot. That provision mandates that PSRs include "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." *See* Rule 32(d)(2)(iii). Paragraph 43 of Defendant's PSR seems to fit that description, and nothing in Rule 32(d)(2)(iii) supports its removal or amendment. As discussed above, the Paragraph appears accurate.

In Defendant's brief, he clarifies that the motion is not a collateral attack on his sentence, rather, it is "a request to amend the record to reflect a more accurate report, specific to the facts that were not provided during the interview, and that ha[ve] changed, due to[] recent changes in the language of the law." Mot. at 1-2 (cleaned up). But Defendant does not explain any inaccuracies, facts that were not provided during the interview, or changed circumstances. *Cf. id.* As to "recent changes in the law," Defendant cites his Due Process rights and the First Step Act (the "Act"). Mot. at 2-3.

### A. <u>Due Process</u>

Defendant does not articulate how his Due Process rights were violated. He does not show that the PSR contains an inaccuracy and does not challenge his informed plea. At sentencing, Defendant's counsel specifically brought up the age of the charge at issue in Paragraph 43. Tr. at 13:6-11. Consistent with counsel's argument, in reaching the sentence imposed, the Court significantly discounted Defendant's criminal history. Tr. at 27:20-28:21 ("the criminal history I think overrepresents the seriousness of the past conduct"). Specifically, the Court applied a downward variance from category six to category four. *Id.* Thus, Defendant has not articulated a Due Process violation, even analyzing his motion as liberally as possible considering his *pro se* status.

### B. <u>First Step Act</u>

Defendant does not articulate which portion of the First Step Act justifies amendment of the PSR. Throughout his brief, Defendant references his "custody review" by his "Case Manager at FCI Gilmer" and complains that he has been "improperly screened" and "denied certain programming," including "low level security . . . [or] halfway house placement." Mot. at 2-3. Thus, Defendant appears to be challenging some condition of his confinement.

Considering his *pro se* status, the Government suggests Defendant may be referencing Sections 601 or 602 of the First Step Act. Opp. at 3. As Defendant failed to reply, the Court will assume the Government is correct.[2] Section 601 amended certain parts of 18 U.S.C. § 3621(b). That subsection controls the place of imprisonment for

---

[2] While the Court construes Defendant's arguments liberally and does not consider his failure to reply a waiver, it cannot divine which portion of the Act he refers to. Thus, absent any response to the Government's reasoned assumption, the Court will consider Sections 601 and 602 of the Act and the associates provisions of the U.S. Code, as amended.

federal inmates. *See* ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."). But courts are explicitly prohibited from intervening in the Bureau of Prison's ("BoP") determination on that topic. *Id.* ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court."). Thus, Section 601 does not provide Defendant a basis for relief.

Section 602 is similarly unhelpful. As amended, 18 U.S.C. § 3624(c)(2) states that:

> The *authority under this subsection* may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. *The Bureau of Prisons* shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2) (emphasis added). Thus, the BoP, not this Court, has authority to place Defendant in home confinement. *See id.*; *see also* § 3624(c)(1) (discussing responsibilities of the Director of BoP).[3]

As neither potentially applicable section of the First Step Act gives this Court authority to order the BoP to adjust Defendant's conditions of confinement, the Act does not provide Defendant an avenue for relief. Accordingly, "recent changes in the language of the law" associated with the Act, Mot. at 2, do not support Defendant's motion.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to amend his pre-sentence report, ECF No. 41, is **DENIED**. An appropriate order follows.

**Date: March 5, 2020**
                  */s/ William J. Martini*
                  **WILLIAM J. MARTINI, U.S.D.J.**

---

[3] While the Court lacks authority to deem Defendant eligible for certain programs or conditions of confinement, the BoP should ensure it is properly analyzing the charge outlined in Paragraph 43. Importantly, Defendant was arrested in 2003 and sentenced to probation in 2004. *See* PSR ¶ 43. The only related event since was his 2010 *resentencing* to time served. *See* PSR ¶ 43.